IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Criminal Action No. 08-160-GMS |
| ANTHONY BUTLER COMEGYS, | ) |
| Defendant. | ) |

**MEMORANDUM**

I.   **INTRODUCTION**

On November 4, 2008, the Grand Jury for the District of Delaware indicted Anthony Comegys ("Comegys") on conspiracy to distribute five hundred grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and 846, and distribution of five hundred grams or more of cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B). On January 27, 2010, after a two-day trial, a jury returned a verdict of guilty. On March 12, 2010, Comegys filed the instant reserved motion for judgment of acquittal pursuant to Fed. R. Crim. P. 29(b). (D.I. 56.) After having considered the record in this case, the parties' arguments and briefing, and the applicable law, the court concludes that the evidence presented at trial was sufficient to sustain the jury's guilty verdict. The court will, therefore, deny Comegys' motion for judgment of acquittal. The court's reasoning is as follows.

II.   **BACKGROUND**

On November 4, 2008, Comegys was indicted by a federal grand jury for conspiracy to distribute five hundred grams or more of cocaine. (D.I. 2.) Trial commenced on January 26,

2010. The government alleged at trial that Comegys knowingly mailed a package containing illegal drugs – specifically powder cocaine – as part of a conspiracy to distribute those drugs, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). At the close of the government's evidence, Comegys' moved for judgment of acquittal pursuant to Rule 29. (See Tr. 294-306.) The court reserved ruling on the motion. (Id. at 306.) The defense rested without offering evidence. (Id. at 313.) The case was submitted to the jury, and on January 27, 2009, the jury returned a verdict of guilty. (Id. at 388.) On March 12, 2010, Comegys filed his reserved motion for judgment of acquittal, arguing that "the evidence failed to establish defendant's knowledge of the specific unlawful purpose charged in the indictment." (D.I. 56 at 1.)

Viewed in the light most favorable to the government, the evidence at trial established a number of facts relevant to the question of whether Comegys had knowledge of the contents of the package in question.[1] On August 8, 2008, Comegys rented a car in his own name from Penguin Rental Car in Pennsville, New Jersey. (See Tr. 126; GX 4.) Three days later, Comegys was videotaped mailing a parcel at a United States Post Office in El Paso, Texas. (See GX 19B.) Comegys received a receipt and delivery confirmation slip for the package, and the videotape showed that he put these items in his jeans pocket. (Id.) Postal inspectors later intercepted this parcel and discovered that it contained three kilograms of heroin. (See, e.g., Tr. 247; GX 12; GX 13; GX 17.) The cocaine was packaged in saran wrap, vacuum seal bags, and placed inside an empty toaster box. (Tr. 180-84; GX 15B.)

---

[1] Much of the factual background surrounding this matter is well-known to the parties and has been recited in prior memoranda, orders and submissions by the parties in this proceeding. As such, and because the court writes primarily for the parties, the court will focus only on certain evidence and testimony presented at trial relevant to the defendant's motion for judgment of acquittal.

On August 12, 2008, the day after Comegys was taped mailing the parcel, Special Agent Rhett Campbell of the 21st Judicial District Task Force stopped Comegys' rental car in Hickman County, Tennessee. (Tr. 117-18.) The car was being driven by Cassandra Norton, and Comegys was seated in the front passenger seat. (Id.) Agent Campbell separated Ms. Norton from Comegys and asked each of them individually about their itineraries. Ms. Norton stated that they had visited Las Vegas, Nevada; Dallas, Texas; and Alabama. Comegys stated that they had visited Las Vegas, Nevada; El Paso, Texas; and New Mexico. Both claimed that they had attended a wedding during the trip. (See GX 1A-C (video of traffic stop); Tr. 123-24.)

Agent Campbell then obtained consent for a search of the vehicle. During the search, he discovered the receipt and delivery confirmation slip for the package in the pocket of a pair of jeans. (Tr. 139-40.) The jeans were inside a bag containing only men's clothing (see id.), and Agent Campbell testified at trial that the jeans would not have fit Ms. Norton. (Tr. 165.) Agent Campbell did not, however, discover any clothes appropriate for attendance at a wedding. (Tr. 146-47.) Agent Campbell also discovered $17,400 cash inside a purse that had been located at Comegys' feet. (Id. at 130, 159.) In the trunk, he discovered a vacuum food saver system, food saver bags, and saran wrap – all items that are commonly used to package controlled substances. (See id. at 133-35.) A drug-detecting K-9 that was called to the scene alerted officers to the presence of controlled substances on both the $17,400 and the vacuum sealer system. (Id. at 145-46.) At trial, Special Agent Jeffrey Dunn testified that the vacuum seal bags discovered in the trunk of Comegys' rental car matched the bags that were used to wrap the cocaine in the package that Comegys mailed. (See Tr. 260-62.) The toaster box used to conceal the cocaine in the package matched the boxless toaster in the trunk of Comegys' rental car. (Tr. 137.)

### III. STANDARD OF REVIEW

A motion for judgment of acquittal under Rule 29 of the Federal Rules of Criminal Procedure may only be granted where the evidence is insufficient to sustain a conviction. *See United States v. Gonzalez*, 918 F.2d 1129, 1132 (3d Cir. 1990). In deciding such a motion, the court must view the evidence in the light most favorable to the government. *See United States v. Gambone*, 314 F.3d 163, 169-70 (3d Cir. 2003). Indeed, the jury verdict will stand if there is substantial evidence, either direct or circumstantial, to support the conviction. *Id.* at 169-70 (citations omitted); *see also United States v. Cohen*, 455 F. Supp. 843, 852 (E.D. Pa. July 18, 1978), *aff'd*, 594 F.2d 855 (3d Cir. 1979).

On a motion for judgment of acquittal, a defendant cannot prevail by raising questions as to the weight of the evidence or the credibility of the witnesses. *See Cohen*, 455 F.Supp. at 852. Instead, in order to prevail, a defendant must show that no rational jury "could have found [] guilt beyond a reasonable doubt based on the available evidence" presented at trial. *United States v. Brodie*, 403 F.3d 123, 133 (3d Cir. 2005). Thus, a finding that a jury verdict is insufficient as a matter of law should "be confined to [those] cases where the prosecution's failure is clear." *See United States v. Smith*, 294 F.3d 473, 476 (3d Cir. 2002) (citing *United States v. Leon*, 739 F.2d 885, 891 (3d Cir. 1984)).

### IV. DISCUSSION

In his motion, Comegys relies heavily on the Third Circuit's unpublished opinion in *United States v. Zavala*, No. 04-1776, 2006 WL 1737535 (3d Cir. June 23, 2006). While the facts of *Zavala* share some similarities with the facts in this case, the cases are easily distinguishable. Zavala was observed mailing a package containing a controlled substance that

was intercepted by postal inspectors. Zavala admitted that he sent the package, but denied knowing that the package contained illegal drugs. The *Zavala* court held that while the "evidence supports the inference that Zavala knew, based on the addresses used and his later statements to investigators, that he was involved in something illicit . . . the lack of evidence establishing knowledge that it was a *drug* transaction dooms the government's case." *Id.* at *4 (emphasis in original).

Like Zavala, Comegys was observed sending a package containing illegal drugs that was intercepted by postal inspectors, but denied knowledge of the package's contents. In Comegys' case, however, there is specific evidence from which the jury could easily conclude that he knew what the intercepted package contained. The strongest and most direct evidence of Comegys' knowledge is that the same packaging materials that were used to wrap the cocaine in the package were discovered in the trunk of Comegys' rental car. Specifically, the vacuum seal bags in the trunk of Comegys' rental car matched the bags that were used to seal the cocaine in the package. The toaster box used to conceal the cocaine in the package also matched the boxless toaster in the trunk of Comegys' rental car. The jury thus was presented with evidence that the three kilograms of cocaine in the package were concealed using the precise items found in Comegys' rental car. Based on this evidence alone, the jury could reasonably conclude that Comegys had knowledge that the package contained cocaine.

There is also considerable additional evidence that the defendant knew the contents of the parcel. The video showing Comegys mailing the package and the discovery of the package's delivery confirmation receipt in Comegys' jeans pocket, while not sufficient to establish knowledge in isolation, nonetheless constitute significant evidence suggesting Comegys'

knowledge of the drug conspiracy.[2] Comegys spent $500 to rent a car in Pennsville, New Jersey and drove it more than 2,000 miles in less than three days to El Paso, Texas – a known source city for illegal drugs. (See Tr. 144.) Comegys and Ms. Norton provided inconsistent stories as to the itinerary of their trip and the source of the $17,400 cash in Ms. Norton's purse, which was discovered lying near Comegys' feet in his rental car. A drug-detecting K-9 dog alerted agents to the presence of illegal substances on both the vacuum sealers system and the cash discovered in Comegys' rental car. The government presented evidence that Comegys' story about his itinerary was also inconsistent with his rental car mileage records. (See Tr. 248-50.) The government also presented evidence that Comegys was in close contact with the recipient of the drug package and other co-conspirators. (E.g., Tr. 218-41.)

These examples demonstrate that the record contains evidence that is more than sufficient for a rational jury to find beyond a reasonable doubt that Comegys was aware of the contents of the package and knowingly participated in a drug conspiracy. Comegys' post-trial briefs

---

[2] Comegys disputes the significance of both of these facts. Comegys' brief argues that the video in question depicts someone heavier than Comegys. (See D.I. 56 at 6, 8.) Of course, it is the province of the jury and not the court or defense counsel, to make determinations as to whether the individual depicted was, in fact, the defendant. Given the other evidence presented and the amount of time that had passed between the mailing of the package and the trial, the jury certainly could reasonably conclude that the individual in the video is Comegys. Comegys' brief further asserts that Agent Campbell "was unable to distinguish whether the jeans containing the mailing receipt were men's or women's jean [sic]." (D.I. 56 at 5.) This is a misleading characterization of Agent Campbell's testimony. Agent Campbell testified that "in some scenarios" he "probably" would not be able to distinguish between men's and agreed women's jeans. (Tr. 164-65.) With respect to the jeans in question, however, Agent Campbell expressed no such uncertainty. (See id.) In any case, Comegys had the opportunity to confront and cross-examine Agent Campbell at trial. As with the identity of the individual in the video, the weight given to the evidence regarding the discovery of the delivery confirmation receipt in the pocket of the jeans discovered in Comegys' rental car is a matter for the jury to decide. Certainly, when read in the light most favorable to the government, these facts weigh in favor of a finding of knowledge.

essentially ask the court to re-weigh evidence and substitute its judgment for the jury's as to the credibility of the government's witnesses. The standard under which courts review Rule 29 motions, however, does not permit such re-weighing of evidence. The court finds that the government produced substantial evidence supporting a finding of knowledge, and that, given the evidence presented at trial, a rational jury could find Comegys guilty beyond a reasonable doubt. The court will therefore deny Comegys' motion.

## V.     CONCLUSION

For the foregoing reasons, and because Comegys has not met his burden of showing that the evidence presented at trial was insufficient to support his conviction, the court will deny his motion.

Dated: May 12, 2010

_____
CHIEF, UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 08-160-GMS |
| | ) | |
| ANTHONY BUTLER COMEGYS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER

For the reasons stated in the court's Memorandum of this same date, IT IS HEREBY ORDERED THAT:

1. The defendant's reserved motion for judgment of acquittal (D.I. 56) is DENIED.

Dated: May 12, 2010

_____
CHIEF, UNITED STATES DISTRICT JUDGE

8